**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMANDA RABER, KRISTI GRANDT, | ) | |
| and SIOBHAN MALLOY, individually | ) | |
| and on behalf of all others similarly situated, | ) | |
| | ) | No. 16 C 10712 |
| Plaintiffs, | ) | Judge |
| | ) | Magistrate Judge |
| v. | ) | |
| KRISERS FEEDING PETS FOR LIFE LLC, | ) | |
| d/b/a KRISER'S NATURAL PET, | ) | |
| | ) | Jury Demand |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiffs AMANDA RABER, KRISTI GRANDT and SIOBHAN MALLOY,

individually and on behalf of all others similarly situated, complain against Defendant KRISERS

FEEDING PETS FOR LIFE LLC d/b/a KRISER'S NATURAL PET, as follows:

**Nature of the Case**

1.      This is an action for money damages brought pursuant to the Fair Labor Standards

Act, 29 U.S.C. §201 *et seq* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/4a

("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 ("IWPCA").

2.      Plaintiffs, individually and on behalf of the class they seek to represent, seek to

remedy widespread violations of these statutes by Defendant.

3.      Defendant Krisers Feeding Pets for Life LLC ("Krisers") owns a chain of natural

pet care stores that operate under the name Kriser's Natural Pet.

4.      Krisers owns 35 retail stores, 14 of which are located in the Chicagoland area.

5.      Krisers employs a "store manager" and an "assistant store manager" at each of its

retail locations.

6.      Until October 2, 2016, Krisers classified store managers and assistant store mangers as "exempt" from the overtime regulations set forth in the FLSA and IMWL and did not pay them any overtime compensation, although such employees are routinely required to work more than 40 hours per week.

7.      Store managers and assistant store managers were improperly classified as exempt.

8.      Krisers' store managers and assistant store managers spend approximately 90 percent of their time at work performing "non-exempt" tasks such as assisting customers, stocking shelves, running the cash register, cleaning the store and answering the phone.

9.      Under the FLSA and the IMWL, employees must be compensated at a rate of one and a half (1 1/2) times their regular rate of pay for all hours worked in excess forty (40) hours a week. 29 U.S.C. §207; and 820 ILCS 105/4a.

10.     Despite these statutory requirements, Krisers required store managers and assistant store managers to work without any overtime pay whatsoever, when in fact their duties did not qualify them for exempt status.

11.     Krisers' willful, knowing and/or reckless action of misclassifying Plaintiffs and other store managers and assistant store managers as "exempt" employees, therefore denying them wages and overtime compensation, violates the FLSA, the IMWL, and the IWPCA.

12.     Plaintiffs Amanda Raber, Kristi Grandt and Siobhan Malloy have all worked as assistant store managers and store managers at Kriser's retail stores in the Chicagoland area during the class period.

13.     Plaintiffs bring their FLSA claim on behalf of themselves and all other similarly situated current and former store managers and assistant store managers employed by Krisers as a collective action pursuant to 29 U.S.C. § 216(b).

14.     Plaintiffs bring their supplemental claims under the IMWL and IWPCA individually and on behalf of a class of all other similarly situated current and former store managers and assistant store managers as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

15.     For at least 8 years prior to the filing of this complaint, Krisers has willfully committed widespread violations of the FLSA, IMWL and IWPCA by misclassifying store managers and assistant store managers as exempt and failing to pay such employees for overtime hours worked in excess of forty hours per week at a rate of one-and-one-half times their regular rate of pay.

16.     Krisers' acts violate federal and state wage laws, affecting at least 50 current and former employees. Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, bring this action seeking equitable and declaratory relief, as well as compensatory, liquidated and punitive damages and reasonable attorneys' fees and costs incurred in bringing this action.

**Jurisdiction and Venue**

17.     Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

18.     Jurisdiction for Plaintiffs' state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

19.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

20.     This Court is authorized to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## Parties

21.     Plaintiff Amanda Raber is a resident of Chicago, Illinois.

22.     Plaintiff Kristi Grandt is a resident of Northbrook, Illinois.

23.     Plaintiff Siobhan Malloy is a resident of Streamwood, Illinois.

24.     Defendant Krisers Feeding Pets for Life LLC d/b/a Kriser's Natural Pet is a California LLC with its principle place of business in Illinois. Defendant is an employer within the meaning of 29 U.S.C. § 203(d), 820 ILCS 105/3(c), and 820 ILCS 115/2.

25.     At various times within the class period, Plaintiffs Amanda Raber, Kristi Grandt and Siobhan Malloy have been employed as assistant store managers store managers at Kriser's retail stores in the Chicagoland area.

## Facts

**Defendant's Policies**

26.     Throughout the class period, the duties of assistant store managers at Defendant Krisers' stores were stocking shelves, taking out the trash, cleaning the store, assisting customers, running the cash register, answering the phone, and scheduling appointments for customers. These duties are identical to the duties of hourly employees. Assistant store managers do not have the authority to hire, fire or discipline other employees, to set other employees' compensation, or to promote other employees.

27.    Likewise, throughout the class period most of the duties of store managers at Defendant Krisers' stores were essentially identical to the duties of hourly employees. Store managers do not have the authority to hire, fire or discipline other employees, to set other employees' compensation, or to promote other employees. Store managers are responsible for stocking shelves, taking out the trash, cleaning the store, assisting customers, running the cash register, and answering the phones.

28.    Store managers also have some additional duties such as payroll and making the schedule for other staff at the store. Such duties comprise less than 10 percent of the store managers' total work.

29.    The vast majority of assistant store managers' and store managers' time is spent on the sales floor assisting customers.

30.     During the class period, Defendant Kriser's paid all assistant store managers and store managers a fixed salary that did not vary based on the actual hours spent at work. Kriser's treated all store managers and assistant store managers as exempt from overtime compensation for hours worked over 40 in a week.

31.     During the class period, Defendant Kriser's required all store managers to work a minimum of 45 hours per week and all assistant store managers to work a minimum of 40 hours per week.

32.    Defendant Kriser's store managers and assistant store managers, including the named Plaintiffs, routinely worked more than 45 hours per week during the class period.

33.    If any store manager or assistant store manager worked fewer than 40 hours in a week, Kriser's would deduct from their pay.

Case: 1:16-cv-10712 Document #: 1 Filed: 11/17/16 Page 6 of 17 PageID #:6

**Amanda Raber**

34.     Defendant hired Plaintiff Amanda Raber in November 2013.

35.     From November 2013 to April 2014, Raber worked at Defendant's Park Ridge, Illinois retail store and was paid an hourly wage. Her duties during this time period included assisting customers, cleaning the store, stocking store shelves, running the cash register, and answering the phone.

36.     In April 2014, Raber was promoted to assistant manager of Defendants' Wilmette, Illinois, store. Raber held this title from April 2014 until August 2014.

37.     When Raber was promoted to assistant manager, her compensation was switched to a fixed salary.

38.     During this time period, Defendant Krisers required all assistant store managers, including Raber, to work a minimum of 40 hours per week.

39.     Raber regularly worked more than 40 hours per week. She did not receive any compensation above her salary for hours worked over 40 per week.

40.     Raber's duties did not materially change when she became an assistant store manager. She continued to spend approximately 90 of her time at work on the sales floor assisting customers.

41.     In August 2014, Raber was promoted to store manager of the Wilmette store. From August 2014 to the present, Raber has been the store manager of the Wilmette store.

42.     Raber continues to receive a fixed salary.

43.     Up until October 2, 2016, Defendant required all store managers, including Raber, to work a minimum of 45 hours per week.Raber regularly worked more than 45 hours per week. She did not receive any compensation above her salary for hours worked over 40 per week.

44.     Raber's duties did not materially change when she became the store manager. She continued to spend approximately 90 percent of her time at work on the sales floor assisting customers.

45.     As the store manager, Raber does not have the authority to hire, fire or discipline other employees.

**Kristi Grandt**

46.     Defendant Krisers hired Plaintiff Kristi Grandt in October 2012.

47.     From October 2012 to March 2013, Grandt worked at Krisers' Wilmette, Illinois retail store as an assistant manager.

48.     Grandt's duties during this time period included assisting customers, cleaning the store, stocking store shelves, running the cash register, and answering the phone.

49.     Grandt spent approximately 90 percent of her time at work on the sales floor assisting customers.

50.     Grandt did not have the authority to hire, fire or discipline other employees.

51.      During this time period, Grandt was compensated on a fixed salary basis.

52.      During this time period, Defendant Krisers required all assistant store managers, including Grandt, to work a minimum of 40 hours per week.

53.     Grandt regularly worked more than 40 hours per week. She did not receive any compensation above her salary for hours worked over 40 per week.

54.     In March 2013, Grandt was promoted to store manager of Defendant Krisers' Kildeer, Illinois, retail store. Grandt stayed in this role until September 2015.

55.     As the store manager of the Kildeer store, Grandt continued to be paid on a fixed salary basis.

7

56.     During this time period, Defendant Krisers required all store managers, including Grandt, to work a minimum of 45 hours per week.

57.     Grandt routinely worked more than 45 hours per week.

58.     Grandt did not receive any compensation above her salary for hours worked over 40 per week.

59.     Grandt's duties did not materially change when she became the store manager of the Kildeer store. She continued to spend approximately 90 percent of her time at work on the sales floor assisting customers.

60.     As the store manager, Grandt did not have the authority to hire, fire or discipline other employees.

61.     In September 2015, Grandt became the manager of Defendant's Northbrook, Illinois, retail store. She stayed in this job until August 16, 2016.

62.     Throughout this time period, Defendant required all store managers, including Grandt, to work a minimum of 45 hours per week.

63.     Grandt regularly worked more than 45 hours per week. She did not receive any compensation above her salary for hours worked over 40 per week.

64.     Grandt's duties did not materially change when she became the store manager of the Northbrook store. She continued to spend approximately 90 of her time at work on the sales floor assisting customers. She did not have the authority to hire, fire or discipline other employees.

**Siobhan Malloy**

65.     Defendant Krisers hired Plaintiff Siobhan Malloy in November 2008.

66.     From November 2008 to December 2008, Malloy worked at Defendant Krisers' South Barrington, Illinois, retail store and was paid an hourly wage. Her duties during this time period were primarily stocking store shelves.

67.     In December 2008, Malloy was promoted to assistant manager of Defendants' South Barrington, Illinois, store. Malloy held this title from December 2008 until March 2013.

68.      When Malloy was promoted to assistant manager, she was paid on a fixed salary basis.

69.     During this time period, Defendant Krisers required all assistant store managers, including Malloy, to work a minimum of 40 hours per week.

70.     During this time period, Malloy regularly worked more than 40 hours per week.

71.     Malloy did not receive any compensation above her salary for hours worked over 40 per week.

72.      Malloy's duties as assistant store manager included assisting customers, cleaning the store, stocking store shelves, running the cash register, and answering the phone.

73.     Malloy spent approximately 90 of her time at work on the sales floor assisting customers.

74.     Malloy did not have the authority to hire, fire or discipline other employees.

75.      In March 2013, Malloy became the assistant manager of Defendant Krisers' Kildeer, Illinois, store. She held that title from March 2013 to March 2014.

76.     Defendant Krisers continued to pay Malloy on a fixed salary basis.

77.     Malloy did not receive any overtime pay.

78.     Malloy's duties remained the same. She continued to spend approximately 90 percent of her time at work on the sales floor assisting customers.

79.     From March 2014 to August 18, 2016, Malloy was the store manager of Defendant's South Barrington, Illinois store.

80.     Throughout this time period, Defendant required all store managers, including Malloy, to work a minimum of 45 hours per week.

81.     Malloy regularly worked more than 45 hours per week. She did not receive any compensation above her salary for hours worked over 40 per week.

82.      Malloy's duties did not materially change when she became the store manager of the South Barrington store.

83.     Malloy continued to spend approximately 90 percent of her time at work on the sales floor assisting customers.

84.     Malloy did not have the authority to hire, fire or discipline other employees.

**Class Allegations**

85.     Plaintiffs bring their claims under the IMWL and the IWPCA as an individual and as a class action pursuant to Federal Rules of Civil Procedure Rule 23. Under Rule 23 the Class is defined as:

> All individuals who are currently or were formerly employed by Defendant as salaried store managers and assistant store managers and who have not been paid all wages owed to them, including but not limited to wages and overtime compensation, at any time from ten (10) years prior to the date of commencement of this action through October 2, 2016" (the "Class" and "Class Period," respectively).

86.     **Numerosity**: The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, on information and belief there are at least 50 individuals who, within the class period, have worked for Defendant as salaried store managers and/or assistant store managers.

Defendant currently owns and operates 14 stores in Illinois. There is at least one current store manager and assistant store manager at each of these locations.

87.     **Commonality**: There are numerous questions of law and fact common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to this class predominate over any question solely affecting individual members of the class. These questions include, but are not limited to:

- What are Defendant Krisers' policies regarding duties, hours of work and compensation for store managers and assistant store managers;

- Whether Plaintiffs and members of the Class were misclassified as "exempt" from the overtime provisions of the IMWL;

- Whether Defendant Krisers engaged in a continuing policy, pattern or practice of misclassifying Class members as "exempt" employees;

- Whether Defendant Krisers engaged in such a continuing policy, pattern or practice to require class members to perform work in excess of forty hours per week without compensating them at one and a half times the regular rate of pay for all work performed in excess of forty hours;

- Whether Defendant Krisers knew or should have known that it erroneously classified class members as "exempt";

- Whether Defendant Krisers intentionally, willfully and/or knowingly failed to pay class members as "non-exempt" employees.

88.     **Typicality**: The claims of the named Plaintiffs are typical of the claims of all class members.

89.     **Adequacy**: The named Plaintiffs will fairly and adequately represent the interests of the Class.

90.     **Superiority**: A class action is superior to other available methods for their fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individual employees/plaintiffs either lack the financial resources or cannot

justify the commitment of the large financial resources necessary to vigorously prosecute

separate lawsuits against a large corporate defendant.

91.     Defendant has acted or has refused to act on grounds generally applicable to the

Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with

respect to the class as a whole.

**FLSA Collective Action Allegations**

92.     Plaintiffs bring their FLSA claims, pursuant to Section 16(b) of the FLSA. 29

U.S.C. §216(b). Under Section 16(b) FLSA violation claims are brought and maintained as an

"opt-in" Collective Action. *Id*. Under Section 16(b), the FLSA Collective is defined as:

> All individuals who are currently or were formerly employed by Defendant as
> salaried store managers and assistant store managers and who have not been paid
> all wages owed to them, including but not limited to wages and overtime
> compensation, at any time from three (3) years prior to the date of commencement
> of this action through October 2, 2016" (the "FLSA Collective" and "FLSA
> Collective Period," respectively).

93.     Excluded from the FLSA Collective are all store managers and assistant store

managers of Defendant who do not opt-in.

94.      Defendant Krisers has deliberately, willfully and intentionally engaged in a

widespread pattern and practice of violating the provisions of the FLSA, as described above, by

misclassifying store managers and assistant store managers as "exempt," thereby failing and/or

refusing to properly pay Plaintiffs and other similarly situated employees wages and overtime

compensation in accordance with §§ 206 and 207 of the FLSA. Defendant Krisers knew or

should have known that said employees were not exempt employees under the FLSA. Because

Defendant Krisers willfully violated the FLSA by misclassifying Plaintiffs, and all other

similarly situated employees, as exempt employees, a three-year statute of limitations applies to

such violations, pursuant to 29 U.S.C. § 255.

95.     Plaintiffs and all other store managers and assistant store managers are similarly situated in that they all are or were subject to Defendant's common policy, plan or practice of designating them as exempt from the overtime requirements of the FLSA, when in fact their work and job duties as required and defined by Defendant do not qualify them to be exempt.

96.     Defendant Krisers is liable for improperly compensating Plaintiff and members of the FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are more than 50 similarly situated current and former store managers and assistant store managers of Defendant who have been misclassified as exempt and denied the overtime premium in violation of the FLSA. These current and former employees would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**COUNT I**
**FAIR LABOR STANDARDS ACT 29 U.S.C. §201 *et seq*.**

97.     Plaintiffs, individually and on behalf of the FLSA Collective, re-allege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

98.     At all relevant times, Plaintiffs and members of the FLSA Collective were engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

99.     At all relevant times, Defendant Krisers was an employer engaged in commerce within the meaning of the FLSA in 29 U.S.C. §§203(d), 206(a) and 207(a).

100.    At all relevant times, Plaintiffs and members of the FLSA Collective were employees within the meaning of the FLSA in 29 U.S.C. §203(e) and 207(a).

101.    Defendant Krisers engaged in a widespread pattern, policy and practice of violating the FLSA, as detailed in this Class Action Complaint.

102.     Defendant did not make a good faith effort to comply with the FLSA with respect to compensating Plaintiffs and members of the FLSA Collective.

103.     Because Defendant Krisers' violations of the FLSA, as described in this Class Action Complaint, was willful and knowing, a three year statute of limitations applies to Defendant's violations pursuant to 29 U.S.C. §255.

104.      As a result of Defendant Krisers' willful and knowing violations of the FLSA, Plaintiff and members of the FLSA Collective who opt into this litigation are entitled to recover wages and overtime to be determined at trial, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation under the FLSA, 29 U.S.C. §§201 *et seq*.

## COUNT II
## ILLINOIS MINIMUM WAGE LAW, 820 ILCS 105/4a

105.     Plaintiffs, individually and on behalf of the Class, re-allege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

106.     At all relevant times, Plaintiffs were "employees" within the definition of Illinois law. 820 ILCS 105/3(c); 820 ILCS 115/2.

107.      At all relevant times, Defendant was an "employer" within the definition of Illinois law. 820 ILCS 105/3(c); 820 ILCS 115/13.

108.      Illinois law requires an employer, such as Defendant, to compensate employees for all hours worked to compensate employees for all hours worked in excess of forty hours per week, at a rate of one-and-a-half times the employee's regular rate of pay, unless the employee is properly classified as exempt from receiving overtime compensation.

109.     During the Class Period, Plaintiffs and members of the Class did not fall under any of the exemptions provided by Illinois and/or other state wage laws. 820 ILCS 105/1 *et seq*.; 820 ILCS 115/1 *et seq*.

14

110.     Defendant Krisers willfully, intentionally and/or knowingly improperly classified Plaintiffs and members of the Class as "exempt" employees.

111.     Plaintiffs and members of the Class regularly worked in excess of forty hours per week without receiving compensation for those hours, in violation of the IMWL.

112.     Defendant Krisers' failure to comply with the IMWL was reckless and/or willful.

113.     Based on the foregoing, Plaintiff and members of the class are entitled to recover all unpaid wages and overtime compensation, prejudgment interest, punitive damages, attorneys' fees and costs pursuant to §12(a) of the IMWL. 820 ILCS 105/12.

## COUNT III
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT, 820 ILCS 115/1

114.     Plaintiffs, individually and on behalf of the Class, re-allege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

115.     The IWPCA requires an employer, such as Defendant, to compensate employees for all hours worked. 820 ILCS 115/1 *et seq*.

116.     Defendant Krisers did not make a good faith effort to comply with the IWPCA with respect to compensating Plaintiffs and members of the Class for the hours worked and/or overtime compensation.

117.     Krisers intentionally and willfully failed and/or refused to pay Plaintiffs and members of the Class wages and overtime compensation by violating the FLSA, IMWL and IWPCA, including but not limited to improperly misclassifying Plaintiffs and other store managers and assistant store managers as "exempt" employees in order to avoid paying them overtime compensation, at a rate of one-and-a-half times the employee's regular rate of pay, for all work performed in excess of forty hours per week and by not paying store managers and assistant store managers all money due and owing in a timely manner.

15

118.    Krisers' failure to comply with the IWPCA was reckless and/or willful.

119.    Based on the foregoing, Plaintiffs and members of the class are entitled to recover all unpaid wages and overtime compensation, prejudgment interest, statutory penalties, attorneys' fees and costs, and all other available remedies pursuant the IWPCA. 820 ILCS 115/1 *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons respectfully requests the following relief:

a.    Unpaid wages and overtime compensation under the FLSA, IMWL, and IWPCA;

b.    An additional and equal amount as liquidated and/or punitive damages under the FLSA, IMWL and IWPCA;

c.    An order directing Defendant Krisers to supply the names, all known addresses and phone numbers of the similarly situated store managers and assistant store managers to Plaintiff's counsel so that Plaintiff may be allowed to send out notice of the Class Action and FLSA Collective Action, or that the Court issue such notice, to all persons who are currently or have been employed as store managers and assistant store managers of Defendant for the time period of 2006 through October 2, 2016. Such notice shall inform them of that this civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied wages;

d.    Pre-judgment and post-judgment interest, as provided by law;

e.    Attorneys' fees and costs under the FLSA, IMWL and IWPCA;

f.    Such other relief that the court deems appropriate.

**Plaintiffs demand trial by jury.**

/s/ Lawrence V. Jackowiak
/s/ Adele D. Nicholas
*Counsel for the Plaintiff*

Jackowiak Law Offices
111 W. Washington Street, Suite 1500
Chicago, Illinois 60602
(312) 795-9595