UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA RABER, et al., ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 16 C 10712 |
| v. ) | |
| ) | |
| KRISERS FEEDING PETS FOR LIFE, ) | |
| ) | Judge Wood |
| Defendant. ) | |
| ) | |

**UNCONTESTED MOTION FOR APPROVAL
OF THE PARTIES' SETTLEMENT AGREEMENT**

Plaintiffs Amanda Raber, Kristi Grandt and Siobhan Malloy and Defendant Krisers Feeding Pets for Life Inc., respectfully move this Honorable Court to approve the parties' confidential settlement agreement.

1. Plaintiffs filed their complaint on November 17, 2016, alleging violation of their rights under the Fair Labor Standards Act and Illinois law. Plaintiffs alleged that they were misclassified as "exempt" from earning overtime compensation and were thus owed unpaid overtime wages.

2. On February 1, 2017, Defendant filed its answer, contesting Plaintiffs' entitlement to overtime compensation and specifically denying that Plaintiffs (store managers and assistant store managers of Defendant's retail stores) were misclassified.

3. The parties conducted substantial written and oral discovery concerning the Plaintiffs claims, including depositions of the Plaintiffs; the

deposition of Krisers' 30(b)(6) representative concerning Plaintiffs' job duties and Defendant's pay practices; and the exchange of records including Plaintiffs' time sheets, pay stubs, and information concerning the job duties and responsibilities of the Plaintiffs.

4. Following the completion of fact discovery, the parties engaged in settlement negotiations regarding the named Plaintiffs' claims. Taking into account all of the information exchanged in discovery, the parties' opposing views of the law relevant to the Plaintiffs' claims, and the expense and risk of further litigation, the parties have reached a mutually acceptable agreement by which they wish to resolve the named Plaintiffs' claims against Defendant.

6. The parties jointly represent that there has been sufficient investigation and exchange of information to allow counsel for Plaintiffs and Defendant to evaluate the parties' claims and defenses and make recommendations regarding the resolution of this matter.

7. The parties seek the court's approval for the settlement that they have reached in order to abide by the Fair Labor Standards Act's prohibition against private settlements. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Lynn's Food Stores v. U.S.,* 679 F.2d 1350, 1354 (11th Cir. 1982).

8. The court's inquiry as to the fairness of an FLSA settlement arising from a private enforcement action is two-staged. First, the court must be satisfied that the settlement was the product of "contested litigation." Second, the court must inquire as to whether the settlement involves a fair and reasonable resolution of a

bona fide dispute between the parties over FLSA coverage. Typically, courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indicia of fairness. *Id*. at 1354.

9. The parties jointly submit that their agreement is a fair and reasonable compromise of genuinely contested claims reached after arms-length negotiations.

10. The parties' settlement agreement contains a confidentiality provision as to the terms and conditions of the parties' settlement. Accordingly, the agreement is being hand-delivered to the Court for in camera review.

WHEREFORE, the parties respectfully request that the Court approve the parties' settlement agreement.

Respectfully submitted,

/s/ Adele D. Nicholas
*Counsel for Plaintiffs*


Adele D. Nicholas
Jackowiak Law Offices
111 W Washington St.
Chicago, Illinois 60602
312-795-9595